ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JLJ Medical Devices International, LLC, a Minnesota Limited Liability Company, <br><br> Plaintiff, <br> vs. <br><br> Surgin Surgical Instrumentation, Inc., a California Corporation, <br><br> Defendant. | No.: 05-722 JRT/FLN <br><br> **COMPLAINT** <br> **(Patent Infringement)** <br><br> **JURY TRIAL DEMANDED** |

COMES NOW Plaintiff, JLJ Medical Devices International, LLC ("JLJ International"), as and for its Complaint against Defendant Surgin Surgical Instrumentation, Inc. ("Surgin"), state and allege as follows, to-wit:

## PARTIES

1. JLJ International is a limited liability company organized under the laws of the State of Minnesota with its principal place of business located at 6504 Walker Street, Suite 212, Minneapolis, Minnesota 55426.

2. Surgin is a corporation organized under the laws of the State of California with its principal place of business located at 14762 Bentley Circle, Tustin, California 92780.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. § 1 *et seq.*, and for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* This Court has original and exclusive jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a). This Court also has original jurisdiction under 28

U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and this action is between citizens of different states. This Court also has supplemental jurisdiction under § 1367(a).

4. Venue is appropriately laid in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

### JURY DEMAND

5. JLJ International requests a jury trial for all issues so triable.

### FACTS

6. On August 29, 2000, United States Patent No. 6,110,259 ("the '259 Patent"), entitled "Smoke Evacuation System," was duly and legally issued to Leonard S. Schultz ("Schultz") and Jeffrey K. Drogue ("Drogue"). A copy of the '259 Patent is attached hereto as Exhibit A.

7. Schultz and Drogue assigned the '259 Patent and all continuations, continuations-in-part, or divisions thereof to JLJ International.

8. On July 8, 2003, United States Patent No. 6,589,316 B1 ("the '316 Patent"), entitled "Smoke Evacuation System," was duly and legally issued to JLJ International, naming Schultz and Drogue as the inventors. A copy of the '316 Patent is attached hereto as Exhibit B.

9. Despite having received written notice of the '259 Patent on or about June 24, 2003 and having prior actual notice of the '259 Patent as early as April 2002, Surgin has been and is still making, using, offering to sell or selling one or more smoke evacuation systems, including a product known as "ClearFlow," that is covered by one or more of the claims of the '259 Patent and/or the '316 Patent.

10. By assignment, Surgin is the registered owner of United States Patent No. 6,592,543 B1, issued on July 15, 2003, entitled "Fluid Flow Regulator For A Smoke Evacuation System And Method Of Using The Same" ("the Surgin Patent").

## Count I – Patent Infringement

11. JLJ International restates the allegations contained in Paragraphs 1 through 10 above as if fully stated herein.

12. Surgin has been and still is infringing one or more of the claims of the '259 Patent and/or the '316 Patent, either literally or under the doctrine of equivalents, by at least (a) making, using, offering to sell or selling one or more products, including the product known as "ClearFlow," and (b) knowingly contributing to and inducing the infringement of JLJ International's patent rights by making, using, offering to sell or selling in the United States one or more products, including the product known as "ClearFlow."

13. Surgin's various acts of infringement have been carried out in deliberate and willful disregard of JLJ International's rights in the '259 Patent and the '316 Patent.

14. As a result of Surgin's various acts of infringement, JLJ International is entitled to compensatory and exemplary damages, but not less than a reasonable royalty, including allowance of multiplied damages based on Surgin's willful and deliberate infringement, pursuant to 35 U.S.C. § 284.

15. JLJ is also entitled to injunctive relief to prohibit Surgin from further infringement of the '259 Patent and the '316 Patent.

## Count II – Declaratory Judgment

16. JLJ International restates the allegations contained in Paragraphs 1 through 15 above as if fully stated herein.

17. The Surgin Patent is invalid pursuant to 35 U.S.C. § 102(a) because the alleged invention therein was known or used by others in the United States before the alleged invention thereof by the applicant.

18. The Surgin Patent is invalid pursuant to 35 U.S.C. § 102(e)(1) because the alleged invention is described in the applications for '259 Patent and the '316 Patent.

19. The Surgin Patent is invalid pursuant to 35 U.S.C. § 102(e)(2) because the alleged invention is described in the '259 Patent and the '316 Patent.

20. The Surgin Patent is invalid pursuant to 35 U.S.C. § 102(f) because the alleged inventors did not invent the subject matter therein as it infringes upon the '259 Patent and the '316 Patent.

21. The Surgin Patent is invalid pursuant to 35 U.S.C. § 103 because the subject matter described therein is obvious as it infringes the '259 Patent and the '316 Patent.

22. The Court should issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, that the Surgin Patent is invalid.

**WHEREFORE**, JLJ International respectfully requests and prays for the following relief from this Court:

1. a judgment that Surgin has infringed, induced infringement, and contributorily infringed JLJ International's patent rights;

2. a permanent injunction enjoining Surgin from infringing, inducing infringement, and from contributing to the infringement of the '259 Patent and the '316 Patent;

3. a judgment that at least some of Surgin's various acts of infringement have been in willful and deliberate disregard of JLJ International's patent rights;

4.      a judgment awarding JLJ International compensatory and exemplary damages, but not less than a reasonable royalty, including allowance of multiplied damages based on Surgin's willful and deliberate infringement;

5.      a judgment awarding JLJ International its costs incurred herein, including attorneys' fees for an exceptional case pursuant to 35 U.S.C. § 285;

6.      a permanent injunction prohibiting Surgin from further infringement, inducement and contributory infringement of the '259 Patent and the '316 Patent;

7.      a judgment declaring that the Surgin Patent is invalid; and

8.      a judgment awarding JLJ International such other and further relief as the Court may deem just and equitable.

Dated: April 8, 2005                        WINTHROP & WEINSTINE, P.A.

_____
Brooks F. Poley (#185139)
David A. Davenport (#285109)
225 South Sixth Street
Suite 3500
Minneapolis, MN  55402-4629
Telephone: 612-604-6400
Attorneys Plaintiff JLJ Medical Devices International, LLC

2241144v2