UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JLJ Medical Devices International, LLC, a Minnesota Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>Surgin Surgical Instrumentation, Inc., a California Corporation,<br><br>Defendant. | Civil No.: 05-CV-722 JRT/FLN<br><br>**DEFENDANT'S ANSWER TO COMPLAINT, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL** |

## ANSWER

Defendant Surgin Surgical Instrumentation, Inc. ("Surgin") files this Answer and Demand for Jury Trial in response to the Complaint of Plaintiff JLJ Medical Devices International, LLC ("JLJ"). Surgin hereby answers the Complaint as follows:

### Answer to Allegations Regarding Parties

1. Answering paragraph 1 of the Complaint, based on information and belief, Surgin admits that JLJ is a Minnesota corporation having its principal place of business in Minneapolis. Surgin is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the Complaint, and therefore denies them.

2. Surgin admits the allegations set forth in paragraph 2 of the Complaint.

### Answer to Allegations Regarding Jurisdiction and Venue

3. Answering paragraph 3 of the Complaint, Surgin admits that this action arises under the Patent Laws of the United States of America, Title 35, United States Code. Surgin admits that JLJ purports to base subject matter jurisdiction on 28 U.S.C. §§ 1331, 1332, 1338(a), 1367(a), and 2201. Except as expressly admitted herein, Surgin denies each and every allegation contained in paragraph 3 of the Complaint.

4. Answering paragraph 4 of the Complaint, Surgin admits that venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

### Answer to JLJ's Jury Demand

5. With respect to paragraph 5 of the Complaint, no response is required.

### Answer to JLJ's Factual Allegations

6. Answering paragraph 6 of the Complaint, Surgin admits that U.S. Patent No. 6,110,259 (the "'259 patent") states, on its face, that it is titled "Smoke Evacuation System," and that the named inventors are Leonard S. Schultz and Jeffrey K. Drogue. Surgin also admits that a copy of the '259 patent is attached to the Complaint as Exhibit A. Except as expressly admitted herein, Surgin denies each and every allegation contained in paragraph 6 of the Complaint, and denies that the '259 patent was duly and legally issued.

7. Answering paragraph 7 of the Complaint, Surgin is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies them.

8. Answering paragraph 8 of the Complaint, Surgin admits that U.S. Patent No. 6,859,316 (the "'316 patent") states, on its face, that it is titled "Smoke Evacuation System," and that the named inventors are Leonard S. Schultz and Jeffrey K. Drogue. Surgin also admits that a copy of the '316 patent is attached to the Complaint as Exhibit B. Except as expressly admitted herein, Surgin denies each and every allegation contained in paragraph 8 of the Complaint, and denies that the '316 patent was duly and legally issued.

9. Surgin denies each and every allegation contained in paragraph 9 of the Complaint.

10. Surgin admits the allegations contained in paragraph 10 of the Complaint.

### Answer to Count I for Alleged Patent Infringement

11. Answering paragraph 11 of the Complaint, Surgin restates its response to the allegations set forth in paragraphs 1 through 11 of the Complaint.

12. Surgin admits that it manufactures and sells a product designated as ClearFlow™. Except as expressly admitted herein, Surgin denies each and every allegation contained in paragraph 12 of the Complaint.

13. Surgin denies each and every allegation contained in paragraph 13 of the Complaint.

14. Surgin denies each and every allegation contained in paragraph 14 of the Complaint.

15. Surgin denies each and every allegation contained in paragraph 15 of the Complaint.

**Answer to Count II for Alleged Entitlement to Declaratory Judgment**

16. Answering paragraph 16 of the Complaint, Surgin restates its response to the allegations set forth in paragraphs 1 through 15 of the Complaint.

17. Surgin denies each and every allegation contained in paragraph 17 of the Complaint.

18. Surgin denies each and every allegation contained in paragraph 18 of the Complaint.

19. Surgin denies each and every allegation contained in paragraph 19 of the Complaint.

20. Surgin denies each and every allegation contained in paragraph 20 of the Complaint.

21. Surgin denies each and every allegation contained in paragraph 21 of the Complaint.

22. Surgin denies each and every allegation contained in paragraph 22 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense.

23. The claims of the '259 patent are invalid for failing to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, including without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

### Second Affirmative Defense

24. The claims of the '316 patent are invalid for failing to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, including without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

### Third Affirmative Defense

25. On information and belief, JLJ has not complied with the requirements of 35 U.S.C. § 287 and is precluded from seeking any recovery for alleged damages prior to the filing of this action.

### Fourth Affirmative Defense

26. JLJ's claims for relief are barred by the doctrines of waiver, laches, equitable estoppel, and/or acquiescence.

## COUNTERCLAIM

Surgin, for its Counterclaim against JLJ, alleges as follows:

1. Surgin repeats the allegations contained in paragraphs 1 through 26 of this Answer, Counterclaim, and Demand for Jury Trial as though fully set forth herein.

2. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338 in combination with 28 U.S.C. §§ 2201 and 2202. This Court has personal jurisdiction over JLJ with respect to this Counterclaim by virtue, *inter alia*, of JLJ having submitted to the jurisdiction of this Court by filing the Complaint.

3. This Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and the patent laws of the United States, 35 United States Code.

4. An actual and justiciable controversy exists between Surgin and JLJ with respect to the noninfringement, invalidity, unenforceability, and scope of the '259 and '316 patents. Absent a declaration of noninfringement, invalidity, and unenforceability as to these patents, JLJ will continue wrongfully to assert these patents against Surgin, and will thereby cause Surgin irreparable injury and damage.

### Declaration of Invalidity

5. The claims of the '259 patent are invalid for failing to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, including without limitation, 35 U.S.C. §§ 102, 103, and/or 112, and Surgin is entitled to a declaration to that effect.

6. The claims of the '316 patent are invalid for failing to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, including without limitation, 35 U.S.C. §§ 102, 103, and/or 112, and Surgin is entitled to a declaration to that effect.

### Declaration of Non-Infringement

7. Surgin will not, does not, and has not infringed any claims of the '259 patent, either directly or in any other manner, and is entitled to a declaration to that effect.

8. Surgin will not, does not, and has not infringed any claims of the '316 patent, either directly or in any other manner, and is entitled to a declaration to that effect.

### Declaration of Unenforceability

9. The claims of the '259 patent are unenforceable based on the doctrines of waiver, laches, equitable estoppel, and/or acquiescence, and Surgin is entitled to a declaration to that effect.

10. The claims of the '316 patent are unenforceable based on the doctrines of waiver, laches, equitable estoppel, and/or acquiescence, and Surgin is entitled to a declaration to that effect.

# **PRAYER FOR RELIEF**

WHEREFORE, Surgin prays for judgment against JLJ on the Complaint and against JLJ on Surgin's Counterclaim, as follows:

A. That JLJ take nothing by its claims for relief;

B. That JLJ's claims for relief be dismissed with prejudice;

C. That the Court enter judgment against JLJ and in favor of Surgin in all respects;

D. For a judicial determination and declaration that the '259 patent, and each and every claim thereof, is invalid, unenforceable, and not infringed by Surgin;

E. For a judicial determination and declaration that the '316 patent, and each and every claim thereof, is invalid, unenforceable, and not infringed by Surgin;

F. For a determination that this is an exceptional case under 35 U.S.C. § 285, and an award of attorneys' fees and costs to Surgin in this action; and

G. For such other and further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Surgin hereby demands a jury trial on all issues so triable.

Dated: June 7, 2005                    Respectfully submitted,


  s/David H. Wright

HALLELAND LEWIS NILAN & JOHNSON, P.A.
Michael T. Nilan, Reg. No. 79224
David H. Wright, Reg. No. 213895
600 U.S. Bank Place South
220 South Sixth Street
Minneapolis, MN 55402-4501
(612) 338-1838


IRELL & MANELLA LLP
Ben Yorks
Reynaldo C. Barcelo
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
(949) 760-0991

ATTORNEYS FOR DEFENDANT SURGIN
SURGICAL INSTRUMENTATION, INC.